Claude S. CARPENTER,
Plaintiff–Appellant,

v.

COUNTY SCHOOL BOARD, FAIRFAX
COUNTY; Daniel A. Domenech; Jan-
ice A. Whitfield; Teresa M. Mataraz-
zo; Joan T. Shetterly, Defendants–Ap-
pellees.

No. 03–2507.

United States Court of Appeals,
Fourth Circuit.

Submitted: July 28, 2004.

Decided: Aug. 19, 2004.

Wendu Mekbib, Law Offices of Wendu
Mekbib, Vienna, Virginia, for Appellant.

Thomas J. Cawley, Sona Rewari, Hun-
ton & Williams, L.L.P., McLean, Virginia,
for Appellees.

Before WIDENER, LUTTIG, and
WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam
opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM.

Claude S. Carpenter appeals a district
court order dismissing under Fed.R.Civ.P.
12(b)(6) his complaint alleging a claim un-
der the Age Discrimination in Employ-
ment Act, 29 U.S.C. § 621 (2000)
("ADEA") and several state law claims.
We affirm.

We review de novo the district court's
grant of a motion to dismiss under Fed.
R.Civ.P. 12(b)(6). *Duckworth v. State Ad-
min. Bd. of Election Laws,* 332 F.3d 769,
772 (4th Cir.2003). A motion to dismiss
for failure to state a claim should be grant-
ed only if it appears beyond doubt that a
plaintiff can prove no set of facts in sup-
port of a claim that would entitle him to
relief. *Conley v. Gibson,* 355 U.S. 41, 45–
46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The
factual allegations set forth in the com-
plaint must be accepted as true, *Zinermon
v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975,
108 L.Ed.2d 100 (1990), and we must view
those allegations in the light most favor-
able to the plaintiff. *Scheuer v. Rhodes,*
416 U.S. 232, 236, 94 S.Ct. 1683, 40
L.Ed.2d 90 (1974). This court's inquiry on
appeal is solely whether the "pleadings
adequately state a set of facts which, if
proven to be true, would entitle [the plain-
tiff] to judicial relief." *Duckworth,* 332
F.3d at 772.

As an initial matter, we find the district
court did not improperly convert the de-
fendant's motion to dismiss to one for sum-
mary judgment. The court properly re-
quested of Carpenter facts supporting the
complaint's conclusory allegations. *See
Bass v. E.I. Dupont De Nemours & Co.,*
324 F.3d 761 (4th Cir.), *cert denied,* ——
U.S. ——, 124 S.Ct. 301, 157 L.Ed.2d 253
(2003). As we stated in *Bass,* "[w]hile a
plaintiff is not charged with pleading facts
sufficient to prove her case, as an eviden-
tiary matter, in her complaint, a plaintiff *is*
required to allege facts that support a
claim for relief." *Id.* at 765.

We find Carpenter failed to allege suffi-
cient facts in support of his ADEA claim to
defeat a motion to dismiss. Carpenter did
nothing more than state that he was in a

**352**

protected class and that he suffered adverse employment decisions.

With respect to Carpenter's defamation claims, we find he failed to allege facts supporting a defamation claim against any of the defendants. The statements of defendants Teresa M. Matarazzo and Joan T. Shetterly were protected by a qualified privilege. *See Larimore v. Blalock*, 259 Va. 568, 528 S.E.2d 119, 121 (2000). The statements made by defendant Janice A. Whitfield were not defamatory.

Carpenter's request for a declaratory judgment under the Virginia Human Rights Act, Va.Code Ann. § 2.2–3900(B)(2) (2001), must fail. Carpenter is not seeking to determine "legal rights" or "legal relationships." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir.1937). His request for a declaratory judgment only duplicates his attempt to seek relief under the ADEA and various common law theories.

Finally, we find that Carpenter failed to allege facts sufficient to support a claim of intentional infliction of emotional distress. Even if Matarazzo's and Shetterly's allegations were false, the allegations were not outrageous or extreme. *Russo v. White*, 241 Va. 23, 400 S.E.2d 160, 162 (1991).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*